CHARLES ALLING

*v.*

STATE OF ILLINOIS.

*Opinion filed December 17, 1914.*

NON-LIABILITY OF STATE—*State not liable for acts of third parties.*
The State is not liable to respond in damages to its employees who
are injured at the hands of third persons, while in the service of the
State.

Thomas F. Burke, for Claimant.

P. J. Lucey, Attorney General, and Arthur R. Roy, Assist-
ant Attorney General, for State.

The claimant in this case was the legal representa-
tive of the State Board of Health with office at Chicago,
and in the course of his duties he instituted proceed-
ings against one Frank Klimek, who was charged with
practicing medicine without a license, in violation of
the laws of this State.

He secured a judgment against the said Klimek
in the municipal court at Chicago, which judgment was
afterward affirmed in the Appellate Court.

While this case was pending it appears, that the said
Klimek persisted in carrying on the practice of medi-
cine in violation of the statute, and claimant caused a
second suit to be instituted against him and secured a
second judgment against him.

It appears from the evidence, that on December 24,
1913, the said Klimek came to the office of the claim-
ant for the purpose of adjusting the judgments that
were rendered against him, and while claimant and his
assistant, Peter Schwaba, were consulting with him
about the manner in which the litigation might be de-
termined, the said Klimek, without any provocation, de-
liberately pulled a gun from his pocket and shot claim-
ant and the said Schwaba.

The assailant, immediately after the shooting left
the office of claimant, and committed suicide. As a re-

sult of this murderous assault, which was evidently the act of an insane mind, the sight of claimant's right eye was completely destroyed, and it was necessary for him to have an operation performed in order to protect the socket so that he might afterward be able to wear an artificial eye.

Claimant has also suffered a severe nervous shock which has rendered him incapable of transacting his usual and ordinary duties of his legal profession. He has also incurred an expense of about two thousand ($2,000.00) dollars for medical treatment and otherwise, on account of the injuries received by him.

Claimant filed his claim in this Court for $22,015.00 on account of the injuries received, and we are asked to make an award to him for this amount.

While there is no doubt in our minds, that claimant was in no way to blame for the injuries received, yet, we are unable to see wherein the State should be held liable in this case.

The State had no control over the actions of Klimek, who was neither an officer or employee, and there was nothing the State could do to prevent this unfortunate occurrence.

It is urged by counsel for claimant, that under some of the prior decisions of this Court, we would be justified in making an award in favor of claimant for the injuries sustained, and our attention has been directed to the cases of *Scanlan* v. *State*, 1 C. C., 128, and *Green* v. *State*, 1 id., 173, wherein awards were allowed persons engaged in the military service of the State.

Since these cases were decided, special statutes have been enacted covering cases of those injured while engaged in the military service of the State, and while the above cases were decided prior to the enactment of these statutes, it seems that they were based upon the theory that such statutes were in existence. We know of no statute covering cases similar to the one before us.

We do not believe the State is liable to its employees for injuries received by them on account of the acts of third persons, over which the State has no control.

The State can not be held to be an insurer of its employees, and to hold that it is liable for the acts of the assailant in this case would bind it to that extent.

This claim is accordingly rejected.